1

2

3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAMONA W.,

                                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                                    Defendant.

Case No. 3:19-cv-05029-RAJ-TLF

REPORT AND
RECOMMENDATION

Noted for NOVEMBER 19, 2019

Plaintiff has brought this matter for judicial review of Defendant's denial of her application for supplemental security income benefits. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the undersigned recommends that the Court reverse Defendant's decision and remand this matter for an award of benefits.

## I.        ISSUES FOR REVEW

1.  Did the ALJ properly evaluate the medical opinion evidence?

## II.        BACKGROUND

On April 20, 2015, Plaintiff filed an application for supplementary security income benefits, alleging a disability onset date of June 1, 2010. AR 15, 222-30.[1] Plaintiff amended her

---

[1] Plaintiff filed an earlier application for supplemental security income benefits in 2011. AR 108. Plaintiff's application was denied initially and upon administrative review. *Id.* On March 21, 2013, ALJ John W. Rolph issued an unfavorable decision. AR 84-101.

alleged onset date to April 20, 2015. AR 16, 63. Plaintiff's application was denied upon initial administrative review and on reconsideration. AR 138-41, 144-57, 161-71. A hearing was held before Administrative Law Judge ("ALJ") Linda Thomasson on November 3, 2017. AR 59-83. In a decision dated January 26, 2018, the ALJ found that Plaintiff was not disabled. AR 13-27. The Social Security Appeals Council denied Plaintiff's request for review on November 7, 2018. AR 2-7.

On January 16, 2019, Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision. Dkt. 4. Plaintiff asks this Court to reverse the ALJ's decision and to remand this case for an award of benefits. Dkt. 10, pp. 6-7.

## III.    STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error; or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S.Ct. 1148, 1154 (2019). This requires "more than a mere scintilla" of evidence. *Id.*

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court is required to weigh both the evidence that supports, and evidence that does not support, the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

## IV.    DISCUSSION

The Commissioner uses a five-step sequential evaluation process to determine if a claimant is disabled. 20 C.F.R. § 416.920. The ALJ assesses the claimant's residual functional capacity ("RFC") to determine, at step four, whether the claimant can perform past relevant

1    work, and if necessary, at step five to determine whether the claimant can adjust to other work.

2    *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013). The ALJ has the burden of proof at step

3    five to show that a significant number of jobs that the claimant can perform exist in the national

4    economy. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. § 416.920(e).

5          In this case, the ALJ found that Plaintiff had the following severe, medically

6    determinable impairments: right shoulder impairment; chronic obstructive pulmonary disease

7    ("COPD"); back disorder; mood disorder; anxiety disorder; and substance abuse disorder. AR

8    18. Relying on vocational expert ("VE") testimony, the ALJ found that Plaintiff did not have any

9    past relevant work, but determined that there were other light and medium unskilled jobs

10   Plaintiff could perform; therefore the ALJ determined at step 5 that Plaintiff was not disabled.

11   AR 25-26.

12         A.  Whether the ALJ erred in evaluating the medical opinion evidence

13         Plaintiff alleges that the ALJ erred in evaluating the opinions of treating psychologist

14   Patrice Jacob, Ph.D. and examining psychologist William Weiss, Ph.D. Dkt. 10, pp. 3-6.

15         In assessing the opinion of an acceptable medical source – such as a licensed clinical

16   psychologist – the ALJ must provide "clear and convincing" reasons for rejecting the

17   uncontradicted opinion of either a treating or examining physician. 20 C.F.R. 404.1513(a);

18   *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506

19   (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or

20   examining physician's opinion is contradicted, the opinion can be rejected "for specific and

21   legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at

22   830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722

23   F.2d 499, 502 (9th Cir. 1983)).

24

25

1

2          1.  Dr. Jacob

3          Plaintiff's treating psychologist Dr. Jacob completed a questionnaire regarding Plaintiff's

4   mental limitations on October 12, 2017. AR 652-56. Dr. Jacob opined that Plaintiff's mental

5   health impairments caused limitations of such severity that those limitations would meet the

6   requirements of listing 12.04. AR 653. Dr. Jacob found that Plaintiff would have a range of

7   moderate, marked, and extreme limitations across several work-related functional domains. AR

8   654-55. Dr. Jacob also opined that Plaintiff would need to take unscheduled breaks from even a

9   simple, routine job due to exacerbations of her mental health symptoms. AR 655-56. Dr. Jacob

10  also found that Plaintiff would miss two full workdays per month because of her mental

11  impairments. AR 656.

12         The ALJ assigned "some weight" to Dr. Jacobs' opinion, reasoning that: (1) the

13  restrictions imposed by Dr. Jacob were extreme compared to Plaintiff's routine treatment, benign

14  mental status examination findings, and activities of daily living, (2) the marked limitations

15  assessed by Dr. Jacob were inconsistent with the normal or fair concentration and memory

16  findings evident in mental status examinations, (3) Dr. Jacob relied primarily on Plaintiff's self-

17  reports rather than clinical observations, (4) treatment notes did not reflect any recent mental

18  exacerbation, severe mental decompensation, psychiatric hospitalization or emergency room

19  visits, (5) medication management notes consistently showed that Plaintiff's condition was

20  improving, and (6) Dr. Jacob's finding that Plaintiff's mental condition met listing 12.04 was

21  inconsistent with mental status examinations, Plaintiff's fairly routine treatment, and significant

22  activities of daily living. AR 24-25.

23

24

25

1    With respect to the ALJ's first reason, which consists of a general reference to routine

2 treatment and benign mental status examination findings, an ALJ need not accept an opinion

3 which is inadequately supported "by the record as a whole." *Batson v. Comm'r of Soc. Sec.*

4 *Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). But an ALJ cannot reject a physician's opinion in a

5 vague or conclusory manner. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014)

6 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996).

7    And so, without more, the ALJ's vague and conclusory reference to routine treatment and

8 benign mental status examination findings cannot serve as a specific and legitimate reason for

9 discounting Dr. Jacobs' opinion.

10    With respect to the ALJ's reasoning about Plaintiff's activities of daily living, this is also

11 not a specific and legitimate reason for discounting Dr. Jacob's opinion. An ALJ may discredit a

12 claimant's testimony when the claimant reports participation in everyday activities indicating

13 capacities that are transferable to a work setting. *See Morgan v. Comm'r Soc. Sec. Admin.*, 169

14 F.3d 595, 600 (9th Cir.1999). Yet, disability claimants should not be penalized for attempting to

15 lead normal lives in the face of their limitations. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th

16 Cir. 1998), citing *Cooper v. Bowe*n, 815 F.2d 557, 561 (9th Cir.1987) (noting that a disability

17 claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits); *see also*

18 *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir.2001) ("This court has repeatedly asserted that

19 the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping,

20 driving a car, or limited walking for exercise, does not in any way detract from her credibility as

21 to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.");

22 citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.1989); *Diedrich v. Berryhill*, 874 F.3d 634, 643

23 (9th Cir. 2017) ("House chores, cooking simple meals, self-grooming, paying bills, writing

24

25

REPORT AND RECOMMENDATION - 5

checks, and caring for a cat in one's own home, as well as occasional shopping outside the home, are not similar to typical work responsibilities.").

As such, the ALJ's statement that Plaintiff could perform certain basic activities of daily living, including "doing some household chores, walking a dog, maintaining a friendship, having a boyfriend, going to the park, shopping, and using the bus" does not constitute a specific and legitimate reason for discounting Dr. Jacob's opinion. AR 24.

With respect to the ALJ's reasoning that "the marked limitations are inconsistent with the normal or fair concentration and memory the treatment notes documented at Exhibits B9F and B14F as well as the fairly normal mental status examination findings at Exhibit B4F" (sic) (AR 24), this is not a specific or legitimate reason.

The form completed by Dr. Jacob asked him to assess Plaintiff's functional capacity within the four domains typically associated with the paragraph B criteria: adapting and managing oneself; understanding, remembering, and applying information; concentrating, persisting and maintaining pace; and interacting with others. AR 654-55. Within each domain, Dr. Jacob was asked to assess Plaintiff's functional capacity within eight subdomains. *Id.*

The ALJ has failed to explain, with specificity, which of Dr. Jacob's many findings were inconsistent with which portions of the medical record. The ALJ "merely states" these facts "point toward an adverse conclusion" yet "makes no effort to relate any of these" facts to "the specific medical opinions and findings he rejects." *Embrey v. Bowen,* 849 F.2d 418, 421 (9th Cir. 1988)). Thus, the ALJ failed to provide a specific, legitimate reason, to discount this portion of Dr. Jacob's opinion. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review").

1    As for the ALJ's reasoning that Dr. Jacob's opinions "were primarily based on what the

2    claimant reported, not based on what was observed during the interaction with the claimant" (AR

3    24), this reason is not supported by substantial evidence.

4    An ALJ may reject a physician's opinion "if it is based 'to a large extent' on a claimant's

5    self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d

6    1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602

7    (9th Cir. 1999)). This situation is distinguishable from one in which the doctor provides her own

8    observations in support of her assessments and opinions. *See Ryan v. Comm'r of Soc. Sec.

9    Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). "[W]hen an opinion is not more heavily

10   based on a patient's self-reports than on clinical observations, there is no evidentiary basis for

11   rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan*, 528

12   F.3d at 1199-1200).

13   Dr. Jacob had been Plaintiff's mental health provider for 10 months when the October

14   2017 opinion was signed; Dr. Jacobs met with Plaintiff weekly; and Dr. Jacobs confirmed that

15   Plaintiff began receiving treatment at the Columbia River Mental Health Services clinic in 2010.

16   AR 652. Dr. Jacob signed a statement certifying the opinion was based on personal knowledge,

17   treatment, and observation of Plaintiff, as well as personal review of records from other

18   treatment providers. AR 656. When asked to explain these opinions, Dr. Jacob often prefaced

19   comments by stating that the Plaintiff "reports" difficulty performing certain activities. AR 654-

20   56.

21   The Ninth Circuit has noted that "[p]sychiatric evaluations may appear subjective,

22   especially compared to evaluation in other medical fields." *See Buck v. Berryhill*, 869 F.3d 1040,

23   1049 (9th Cir. 2017). "Diagnoses will always depend in part on the patient's self-report, as well

24

25

as on the clinician's observations of the patient. But such is the nature of psychiatry. Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." *Id*. (internal citations omitted).

Dr. Jacob clearly relied to some extent on Plaintiff's subjective allegations in assessing her functional limitations. Defendant also notes that Dr. Jacob's opinion is not accompanied by clinical records signed by Dr. Jacob for their 10-month treatment relationship. But there are numerous treatment records from Plaintiff's other treatment providers at the Columbia River Mental Health Services clinic dating May 2014 through July 2017. AR 420-570, 620-38. Dr. Jacob also indicated that Plaintiff was a patient for 10 months, and the opinion was based on personal observation and a review of Plaintiff's treatment record. AR 652, 656. The treatment records from this clinic contain observations by the providers. *See, e.g.,* AR 420 ("her body was almost curled up. She twisted her hair nonstop for the entire two hour session"), AR 534 ("grooming is adequate to disheveled at times and her hygiene is marginally adequate. . .. [s]he has impaired attention and memory issues"); As such, the Court cannot say that Dr. Jacob relied *largely* on Plaintiff's self-reports in assessing her limitations.

The ALJ also discounted Dr. Jacob's opinion because the treatment notes contained in exhibits B9F, B10F, B13F, B14F, and B15F "do not reflect any recent mental exacerbation, severe mental decompensation, psychiatric hospitalization or emergency room visits." AR 24. Plaintiff argues that the ALJ has not cited any specific evidence to support those conclusions, and has instead "cited to entire exhibits." Dkt. 10, p. 4

The ALJ's citation to these exhibits is sufficiently specific for the Court to afford the ALJ's decision meaningful review. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). The ALJ correctly concluded that the exhibits cited do not contain evidence of recent

mental exacerbation, severe mental decompensation, psychiatric hospitalization or emergency room visits. But this finding is not by itself a specific, legitimate basis for discounting Dr. Jacob's opinion.

First, much of the evidence cited by the ALJ relates primarily to Plaintiff's physical impairments. AR 590-93, 602-19, 641-51. Second, the evidence related to Plaintiff's mental impairments indicates a waxing and waning of symptoms common to individuals diagnosed with bipolar disorder. AR 531-34, 539-40, 542-44, 546-47, 549-51, 555, 567, 573, 576, 592-93, 603, 609, 623-25, 632, 635, 642.

The Court notes that claimants who suffer from mental conditions may have symptoms that wax and wane, with downward cycles, cycles of improvement, and mixed results from treatment. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). Especially when a claimant suffers from bipolar disorder, the symptoms are cyclical, and short-lived improvements would not, by themselves, constitute substantial evidence for purposes of overriding a treating physician's opinion that the plaintiff is significantly impaired. *Buck v. Colvin,* 540 Fed. Appx. 772, 773 (9th Cir. 2013). As such, the evidence cited by the ALJ cannot serve as a specific, legitimate reason for discounting Dr. Jacob's opinion.

The ALJ also found that the medication management notes in the record consistently show that Plaintiff was doing better. AR 24. The effectiveness of medication and treatment are relevant to the evaluation of a claimant's alleged symptoms. 20 C.F.R. § 416.929(c)(3)(iv). Evidence of medical treatment successfully relieving symptoms can undermine a claim of disability. *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (citing *Parra v. Astrue*, 481 F.3d 742, 750–51 (9th

Cir.2007) (stating that "evidence of 'conservative treatment' is sufficient to discount a claimant's

testimony regarding severity of an impairment").

The evidence the ALJ cites for this proposition, exhibits B9F and B14F, contains

notations that Plaintiff was "doing better" after an increase in the dosage of risperidone and

lithium, appeared to be doing "fairly well" in terms of mood, was "doing well" and was "doing

OK." AR 540, 543, 546, 563, 621.

Isolated examples of improvement, in the context of evaluating an individual such as

Plaintiff -- who has been diagnosed with bipolar disorder and exhibits fluctuating symptoms --

cannot serve as a specific, legitimate reason for discounting a physician's opinion. *See Garrison,*

759 F.3d at 1018 (noting that reports of "improvement" in the context of mental health issues

must be interpreted with an understanding of the patient's overall well-being and the nature of

her symptoms, and an awareness that improved functioning while being treated and while

limiting environmental stressors does not always mean that a claimant can function effectively in

a workplace) (citing *Scott v. Astrue*, 647 F.3d 734, 739–40 (7th Cir.2011) ("The very nature of

bipolar disorder is that people with the disease experience fluctuations in their symptoms, so any

single notation that a patient is feeling better or has had a 'good day' does not imply that the

condition has been treated.").

As for the ALJ's final reason for discounting Dr. Jacob's opinion -- the ALJ rejected Dr.

Jacob's finding that Plaintiff's mental impairments met the requirements of listings 12.04, and

found that Dr. Jacob's determination was inconsistent with mental status examinations,

Plaintiff's fairly routine treatment, and significant activities of daily living. AR 24-25.

At step three of the sequential evaluation, the ALJ must evaluate the claimant's

impairments to decide whether they meet or medically equal any of the impairments listed in 20

1    C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R § 416.920(d); *Tackett v. Apfel*, 180 F.3d 1094,

2    1098 (9th Cir. 1999). If they do, the claimant is deemed disabled. 20 C.F.R § 416.920(d). The

3    burden of proof is on the claimant to establish he or she meets or equals any of the impairments

4    in the listings. *Tackett*, 180 F.3d at 1098.

5        At step three of the sequential evaluation, the ALJ found that Plaintiff's mental

6    impairments did not meet listing 12.04. AR 19-20. Dr. Jacob's opinion shows that Plaintiff's

7    mental impairments would meet the requirements of sections A, B, and C of listing 12.04. AR

8    653-55. Because the ALJ has not otherwise provided specific, legitimate reasons for discounting

9    Dr. Jacob's opinion, the ALJ's conclusory statement that Dr. Jacob's finding was inconsistent

10   with the record cannot serve as a specific and legitimate reason for dismissing Dr. Jacob's

11   finding that Plaintiff's impairments meet listing 12.04.

12            2.  <u>Dr. Weiss</u>

13       Plaintiff maintains that the ALJ erred in evaluating the opinion of examining physician

14   Dr. Weiss. Dkt. 10, pp. 5-6. Because this case be resolved without considering the remainder of

15   the ALJ's decision, the Court declines to address this opinion.

16        B.  <u>Remand for an Award of Benefits</u>

17       Plaintiff asks this Court to reverse the ALJ's decision and to remand this case for an

18   award of benefits. Dkt. 10, pp. 6-7. "'The decision whether to remand a case for additional

19   evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v.*

20   *Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232

21   (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court

22   should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th

23

24

25

Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's

errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand

for a direct award of benefits. Such remand is generally proper only where:

> "(1) the record has been fully developed and further administrative proceedings
> would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient
> reasons for rejecting evidence, whether claimant testimony or medical opinion;
> and (3) if the improperly discredited evidence were credited as true, the ALJ
> would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit emphasized in *Leon v. Berryhill* that even when each element is

satisfied, the district court still has discretion to remand for further proceedings or for award of

benefits. 80 F.3d 1041, 1045 (9th Cir. 2017).

Here, the record has been fully developed, and further administrative proceedings would

serve no useful purpose. The ALJ has failed to provide legally sufficient reasons for rejecting the

opinion of Plaintiff's treating psychologist, Dr. Jacob. If Dr. Jacob's opinion were credited as

true, the ALJ would be required to find Plaintiff disabled at step three or at step five of the

sequential evaluation. The criteria for a remand to award benefits have been met.

<u>CONCLUSION</u>

Based on the foregoing discussion, the undersigned recommends that the Court find the

ALJ erred when he determined Plaintiff to be not disabled. Defendant's decision to deny benefits

therefore should be REVERSED and this matter REMANDED for an award of benefits.

The parties have **fourteen (14) days** from service of this Report and Recommendation to

file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP)

72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for

purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).

1        Accommodating the above time limit, the Clerk shall set this matter for consideration on

2   November 19, 2019, as noted in the caption.

3                                        Dated this 5th day of November, 2019.

4

5                                        Theresa L. Fricke
                                         United States Magistrate Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

REPORT AND RECOMMENDATION - 13